# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN RASHIDIAN,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>MR. WAYNE K. WILLIS, DHS District Director, Southern District, California; MR. CARYL THOMPSON, OIC, BICE Detention Center, El Centro, California; CAPTAIN M. MOE; DR. BROWN; Medical Director, CAPTAIN RECLOSADO, Project Director, AKAL Security, El Centro Detention Facility,<br><br>　　　　　　　Defendants. | CASE NO. 03cv2163-LAB (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND ORDER OF DISMISSAL** |

Plaintiff in *pro per*, Hassan Rashidian, formerly an immigration detainee held at the Immigration and Customs Enforcement Service Processing Center in El Centro, California, filed a civil rights violation complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for violations of his civil rights. He alleges he was twice attacked by other detainees and suffered physical injuries in each instance. He alleges he reported the first attack but that no action was taken to protect him either before or after the second attack. Plaintiff also alleges the detention center personnel failed to provide him with the appropriate medical care.

Defendant Reclosado moved for summary judgment, which Plaintiff opposed. This motion was referred to Magistrate Judge Cathy Bencivengo for a report and recommendation in accordance

with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. Judge Bencivengo issued her report and recommendation (the "R&R") on January 4, 2007, recommending that summary judgment be granted. Plaintiff filed his objections on January 26, 2007. Although Plaintiff's objections were filed one day later than the R&R permitted, the Court will nevertheless consider them in the interests of deciding the issues on the merits. Defendant Reclosado filed a reply to the objections, as permitted by the R&R.

The Court has previously dismissed Plaintiff's claim for deliberate indifference to Plaintiff's medical needs, and all Defendants other than Captain Reclosado. The only remaining claim, therefore, is Plaintiff's due process claim against Defendant Reclosado for deliberate indifference to Plaintiff's personal safety, which was the subject of Defendant Reclosado's motion for summary judgment.

## I.   Legal Standards

The district court has jurisdiction to review the magistrate judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia*, 238 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *in pro per* in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, the Court will not assume that Plaintiff can prove facts he has not alleged, or that Defendant has violated his rights in ways that have not been

///

alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). In ruling on the motion, the Court does not weigh the evidence or determine the truth of Plaintiff's allegations, but instead determines whether there is a genuine issue of fact for trial. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. After the moving party has met his or her burden, the burden then shifts to the non-moving party to go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 256.

"A scintilla of evidence, or evidence that is merely colorable or not significantly probative, is not sufficient to present a genuine issue as to a material fact." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (internal quotation marks and citation omitted). The evidence is "viewed in the light most favorable to the nonmoving party." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious" and (2)

---

[1] Plaintiff has objected to the application of this standard and urged the Court to apply a different standard of review but, as discussed below, the Court overrules Plaintiff's objection and will apply this well-established standard.

the prison officials had "a sufficiently culpable state of mind," acting with deliberate indifference. *Id.* at 834. "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."[2] *Id.* at 835.

## II. Plaintiff's Objections

Plaintiff has raised three broad factual objections, two legal objections, and an evidentiary objection. To the extent Plaintiff may have intended to raise other objections, the Court holds, even after affording the objections a liberal construction, such objections were not specific. *See* Fed. R. Civ. P. 72(b) (requiring the Court to review de novo "any portion of the magistrate judge's disposition to which specific written objection has been made . . . .")

### A. Factual Objections

Plaintiff gives his own factual summary but does not otherwise object to the R&R's factual findings. This factual summary essentially repeats from Plaintiff's opposition to the motion for summary judgment all his factual contentions related to the remaining claim. The Court therefore construes Plaintiff's statement of facts to constitute his objections to the R&R's factual findings. The Court understands Plaintiff to be objecting only to those portions of the R&R's findings that Plaintiff's statement of facts conflicts with.

Plaintiff's factual assertions, as set forth in his objections to the R&R, are as follows:

> On March 10, 2003, Plaintiff was attacked by another detainee while asleep in Alpha South Barrack . . . and was physically injured[, resulting] in [his] seeking medical assistance. He identified the attackers and asked for security and protection from the concerned authorities from future incidents, [but] nothing proper was done.
>
> Plaintiff requested to be placed in B/East Barrack where he thought he [would have] protection but he was rather placed in another barrack with another group of people making him even more vulnerable for future attacks. He was again attacked by another detainee [on] 9-17-03 . . .and again suffered physical injuries. Although he reported the second attack, again, no safety measures were taken, and he did not receive the medical treatment he sought. Being desperate to ensure his safety, Plaintiff also filed [a] "Detainee Grievance Form".

---

[2] As discussed below, Plaintiff's objections to the R&R show he believes a different standard should apply. However, for reasons discussed below, it is clear this is the correct standard.

(Objections to R&R, at 2:18–3:7). Plaintiff also includes several factual assertions in a short section that follows, headed "Arguments," and repeats these in a later section headed "Conclusion":[3]

> . . . Defendant [Reclosado] knew about plaintiff's vulnerability to attacks while a detainee; Defendant was informed after the first attack that Plaintiff would be subject to future attacks; Defendant knew that Plaintiff was fearful of future attacks; Defendant was given a written request endorsed by the Medical Director of the facility to take measures to assure plaintiff['s] safety; [and] Defendant . . .Reclosado failed to take steps within his authority to prevent future attacks.

(*Id.* at 3:8–21; *see also* 8:15–25 (substantially identical "Conclusion" section).)  Obviously, several of these "factual" assertions are actually assertions of opinion or law (*e.g.*, "nothing proper was done," and "Reclosado failed to take steps within his authority to prevent further attacks.")  Conclusory assertions of law or unwarranted inferences are inadequate even at the pleading stage, *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004), and will not suffice to create a triable issue of material fact.

### 1. Objection: Defendant Reclosado Was Informed Plaintiff Would Be Subject to Future Attacks

The only significant discrepancy between the R&R's findings and the statements of fact in Plaintiff's objections is Plaintiff's contention that "Defendant was informed after the first attack that Plaintiff would be subject to future attacks . . . ."  Other than this, the R&R essentially accepts Plaintiff's statement of events (excluding Plaintiff's statements of opinion and conclusions of law), but includes greater detail.  Plaintiff has not objected to any of the other details included in the R&R's factual findings.  Therefore, the Court **ADOPTS** those portions of the R&R's factual findings Plaintiff has not objected to.

As the R&R notes, Plaintiff has presented no evidence showing Defendant Reclosado knew of any potential danger to Plaintiff before the first attack.  (R&R at 5:19–20.)  Plaintiff appears to concede this, stating "Defendant was informed after the first attack that Plaintiff would be subject to future attacks."  (Obj. at 8:17–18.)  The R&R notes Plaintiff has not argued that failure to prevent the

///

---

[3] The factual assertions in the "Argument" and "Conclusion" section are virtually identical, although the "Conclusion" section adds some conclusions of law, asserting for instance, that Defendant "acted 'Deliberately indifferent' to Plaintiff's security, safety and medical needs.'"

1 first attack amounted to deliberate indifference. (R&R at 5:20–22.) Because Plaintiff was attacked
2 not attacked a third time, the Court therefore focuses on the time between the first and second attacks.

3 Plaintiff's objection that "Defendant was informed after the first attack that Plaintiff would be
4 subject to future attacks" points to a central evidentiary issue critical to Plaintiff's case. Defendant
5 Reclosado submitted a declaration stating that between the first and second attacks, he "had no
6 information to indicate that Rashidian was at risk for a further attack" or "under threat of another
7 attack, or in any way at 'risk.'" (Reclosado Decl. in Supp. of Mot. for Summ. J., ¶¶ 9, 16–17.)
8 Because Defendant Reclosado is competent to testify to what information he did or did not have, this
9 suffices to meet his initial burden of showing there is no genuine issue of material fact for trial.
10 *Anderson*, 477 U.S. at 256. The burden then shifts to Plaintiff, who "may not rest upon mere
11 allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine
12 issue for trial." *Id.* at 256.

13 In his opposition to the motion for summary judgment, and in his objections to the R&R,
14 Plaintiff points solely to paragraph 9 of Defendant Reclosado's declaration, Plaintiff's request for
15 transfer endorsed by the Medical Director, and a grievance form submitted five days before the second
16 attack. (Opp'n at 7:8–8:17; Obj. at 2:21–3:21, 6:1–7:12.) The R&R concludes, on the basis of
17 Plaintiff's amended complaint, that the grievance form was forwarded to the INS and requested that
18 INS investigate the first attack but does not bring up any continuing safety issues. (R&R at 2:26–3:1,
19 7:23–8:3.) Plaintiff has not objected to this characterization of the grievance form. The grievance
20 form therefore does not tend to show that Defendant Reclosado knew Plaintiff was at risk of another
21 attack. This is particularly true given the lack of evidence that the two attacks were in any way related.
22 (R&R at 6:16–18.)

23 While Plaintiff also mentions writing two letters to Chief Officer Deleon, he never suggests
24 these contained any information that might tend to show Defendant Reclosado was informed Plaintiff
25 was in danger of future attacks. (Obj. at 7:9–11.) The R&R's findings cite Plaintiff's amended
26 complaint and conclude these letters requested medical assistance, (R&R at 2:21–23 (citing amended
27 complaint at 25–26)). This was relevant to other claims Plaintiff brought, but not to the claim at issue
28 here. Plaintiff has not objected to the R&R's characterization of these two letters.

Paragraph 9 of Defendant Reclosado's declaration says:

> If one of the detainees was at "risk" for an attack, there were numerous sources of "at risk" information available, such as the detainee himself, other detainees, a relative of the detainees, and even rumors. At no time during Mr. Rashidian's residence at the El Centro facility, was I aware of any such information.

This paragraph merely states that if a detainee was at risk of being attacked, there would be many possible sources of information warning about the risk, but that Defendant Reclosado received no information from any of these sources suggesting that Plaintiff would be attacked a second time. This is of no help to Plaintiff, since it only tends to show Defendant Reclosado did *not* receive any notice Plaintiff was at risk.

Plaintiff places most of his emphasis on the Medical Director's endorsement of his request for a transfer. This document contains two sets of remarks, one by Plaintiff, and one by Medical Director Dr. Brown. Plaintiff initially requests to be transferred "only" to B/East barracks "Because I have Protection." [sic]. As the R&R notes, Plaintiff never explained the nature of the protection he believed he would have had in B/East, nor provided evidence of it. (R&R at 7:18–20.) This is followed by an endorsement by the Medical Director, stating simply, "Support measure to assure Patient's safety and maintain health and walking." (Obj. at 6:1–25 (citing Opp'n, Ex. B).)

Neither Plaintiff's request nor Dr. Brown's recommendation warn of the danger of violence at the barracks to which Plaintiff was eventually transferred. Because Plaintiff does not identify any threats or possible threats, this request does not warn of danger in other barracks. At most, it can be taken as a warning that Plaintiff lacked "protection" in all barracks except B/East, and that he felt most secure there. Because Plaintiff provides no evidence he had known enemies in barracks where he did not have "protection," he fails to show that the absence of "protection" is equivalent to the presence of danger — or, more significantly, why Defendant Reclosado would have known this.

Plaintiff seems to believe Dr. Brown's recommendation was intended as a warning, but there is no evidence of this. Rather, Dr. Brown's recommendation appears to recommend a transfer to B/East for primarily medical reasons. As the R&R notes, this recommendation is very general and does not call for any specific course of action. (*Id.* at 7:21–22.) Although the recommendation mentions "to assure safety" as one of the reasons, there is no clear indication this refers to actual safety

from attack, particularly an apparently unrelated attack, as opposed to reassuring Plaintiff or preventing medical complications. There is also no evidence Dr. Brown would have any reason to know where Plaintiff was or was not likely to be attacked, or the purpose of Dr. Brown's recommendation. In short, there is no evidence of that Dr. Brown's recommendation was intended as a warning of future violence, nor is there any evidence that Dr. Brown had any basis for giving such a warning. Furthermore, the only evidence of the conclusions Defendant Reclosado drew from this recommendation shows that Defendant Reclosado did not interpret it as a warning. Therefore, this evidence is not sufficiently probative to create a triable issue of material fact. *See United Steelworkers of America*, 865 F.2d at 1542.

Plaintiff has repeatedly alleged that, following the first attack, he was fearful for his life. (*See, e.g.*, Opp'n at 7:24–25.) Even accepting these assertions, however, this does not constitute evidence that Plaintiff was actually in danger, much less that Defendant Reclosado knew Plaintiff was in danger. Plaintiff's generalized subjective fear of being attacked, without more, does not constitute evidence he was at risk of attack, or that Defendant Reclosado knew he would be attacked. *See, e.g., Jones v. Marshall*, 459 F. Supp.2d 1002, 1011 (E.D.Cal. 2006) (granting defendants' motion for summary judgment where plaintiff, an inmate who was attacked while in prison, had "a generalized fear for his safety, but offer[ed] no evidence that defendants knew of the specific harm to [p]laintiff").

Plaintiff contends the fact that he mentioned protection showed that he was in danger, and that he specifically knew he would be in danger in the barracks to which he was transferred. (Obj. at 8:18–9:2.) As noted, however, Plaintiff's subjective belief or feeling is not adequate to withstand a motion for summary judgment.

Because there is no evidence to support a finding that Defendant Reclosado was warned about a specific danger to Plaintiff, this objection is **OVERRULED**.

      **2.**     **Objection: Defendant Reclosado Knew Plaintiff Was Vulnerable to Attack**

More generally, Plaintiff objects to the R&R's factual conclusions, arguing the R&R should have concluded Defendant Reclosado knew (or should have known) he was vulnerable to attack, but failed to take any reasonable measures to protect Plaintiff from attack.

///

1    Almost immediately after the first attack, Plaintiff was transferred to a different barracks,
2 although not to B/East. (R&R at 7:5–6, 7:12–13.) This put him out of reach of his first attacker. (*Id.*
3 at 5:24–6:2.) Plaintiff contends that because he earlier told Defendant Reclosado that he wanted to
4 live only in B/East barracks, that he had "Protection" in B/East, and that he was afraid, Defendant
5 Reclosado knew the new barracks were unsafe. (Obj. at 6:19–7:8.) There is no evidence, however,
6 that Plaintiff told Defendant Reclosado they were unsafe, or provided any evidence or reasons that
7 would have shown they were unsafe. (R&R at 7:13–16.)

8    The documents discussed above are the only evidence Plaintiff has cited that might support a
9 finding that Defendant Reclosado was warned of dangers in the new barracks. As the R&R observes,
10 no documents written by Plaintiff in the period between the two attacks mention safety concerns or
11 requests to be transferred from the new barracks. (R&R at 9:9–11.)

12   As the R&R notes, without objection from Plaintiff, the two attacks occurred six months apart,
13 and there is no explanation or evidence the two were in any way related, whether by who the
14 perpetrators were, their motives, the manner in which the attacks occurred, or any other factor. (R&R
15 at 6:16–18.) Bearing this in mind, Plaintiff has not offered any evidence or explanation why the first
16 attack should have made Defendant Reclosado aware of the danger of a second attack. Unless the two
17 attacks were related in some way, it is not self-evident that a prisoner who is attacked once but moved
18 to different housing away from his attacker would likely be attacked a second time months later. The
19 R&R concludes the first attack "appeared to be no more than an isolated incident." (R&R at 6:20.)

20   The evidence Plaintiff points to would be sufficient to support a finding that, in retrospect, his
21 subjective concerns regarding where he was transferred to turned out to be well-founded and that, had
22 he been transferred to B/East instead of to a different barracks, he might not have been attacked a
23 second time. However, what Plaintiff believed, or what might have happened if Defendant Reclosado
24 had acted differently is not at issue. What is at issue is whether Defendant Reclosado knew of and
25 ignored a substantial risk to Plaintiff's safety. Because there is no evidence Defendant Reclosado
26 knew of such a risk, or ignored it, there is no triable issue of material fact and summary judgment for
27 Defendant Reclosado is appropriate. For these reasons, this objection is **OVERRULED**.
28 / / /

### 3. Objection: Defendant Reclosado's Authority to Increase the Number of Guards Is Irrelevant

Plaintiff briefly objects to Defendant Reclosado's argument that Defendant Reclosado "had no authority to increase the number of guards at any post or change guards from one post to another . . . ." (Obj. at 8:18–21.) Plaintiff calls this argument irrelevant, contending that Defendant Reclosado should have ensured that the guards on duty provided Plaintiff protection because of his known vulnerability. Plaintiff has not objected to the accuracy of this finding, but only to its relevance. In essence, Plaintiff is arguing Defendant could have provided him with protection in some other way.

The R&R mentioned this fact in passing, as part of its analysis showing Defendant Reclosado did not ignore known risks. (R&R at 6:25–27.) Plaintiff does not object to the R&R's finding that Defendant Reclosado reported the first attack to the INS, and that Defendant Reclosado received no instructions regarding additional security measures for Plaintiff's safety. (*Id.* at 6:21–25.) The Court finds this evidence to be relevant, because it tends to show Defendant Reclosado did not ignore known risks. *See* Fed. R. Evid. 401. Plaintiff's contention that Defendant Reclosado could have provided him with additional protection in some other manner is unsupported by any cited evidence. More significantly, the implication that Defendant Reclosado should have provided Plaintiff with additional protection is unsupported by the evidence. Therefore, this objection is **OVERRULED**.

### B. Legal Objections

#### 1. Standard of Review at Summary Judgment Stage

Plaintiff objects to the standard of review at the summary judgment stage, contending the Court is bound to accept his allegations as true. In support of his contention, Plaintiff has cited the standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *i.e.*, "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, both Defendant Reclosado's motion and the R&R made clear Defendant Reclosado was moving for summary judgment or, in the alternative, summary adjudication pursuant to Fed. R. Civ. P. 56, while *Cahill*, the authority Plaintiff cites, expressly applies the Rule 12(b)(6) standard. Furthermore, the caption of Plaintiff's own

opposition to the motion for summary judgment specifically identifies the nature of the motion he is opposing.    Because it is clear the motion under consideration is a motion for summary judgment, the Court rejects this argument and **OVERRULES** this objection.

### 2. Official's Liability for Civil Rights Violations

Plaintiff objects to the standard for holding an official liable for violations of civil rights. Plaintiff cites *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) for the principle that "if . . . officials know or should know of the particular vulnerability, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." (quoting *Colburn v. Upper Darby Township*, 838 F.2d 663, 669 (3rd Cir. 1988)). Plaintiff emphasizes the words "should know," and apparently concludes the standard is met if Defendant Reclosado should have known Plaintiff was vulnerable to attack. For purposes of the Ninth Circuit's decision in *Redman*, the "should know" language is dicta, because in that case, the Court noted, officials did know of plaintiff Redman's vulnerability. The "should know" standard conflicts with the holding of *Redman* that, to be liable, an official must be deliberately indifferent, and "must have more than a mere suspicion that an attack will occur." 942 F.2d at 1442 (quoting *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986)). Furthermore, the "should know" standard, later clarified in *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1025 (1991) ("*Colburn II*") as referring to "something more than a negligent failure to appreciate the risk . . . though something less than subjective appreciation of the risk," was called into doubt by the U.S. Supreme Court's holding in *Farmer*, 511 U.S. 825, 114 S.Ct. 1970, as noted by *Owens v. City of Philadelphia*, 6 F. Supp.2d 373, 379 (E.D.Pa. 1998). *Cf. Litz v. City of Allentown*, 896 F. Supp. 1401, 1409 (E.D.Pa. 1995) (citing the *Colburn II* standard, but omitting the alternative "or should know" language).

In any event, the "should know" standard has been expressly rejected by the Ninth Circuit after *Farmer*. The deliberate indifference standard is met only if the official "knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). "[I]t is not enough that the person merely be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, he must also draw that inference." *Gibson*, 290 F.3d at 1188 (quoting *Farmer*, 511 U.S.

1  at 837, 114 S.Ct. 1970) (internal quotation marks omitted). "If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citing *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001)).

The R&R correctly states the Ninth Circuit's standard. Plaintiff's objection to the R&R's reliance on this standard is therefore **OVERRULED**.

### C. Evidentiary Objection

Plaintiff objects to the Court's reliance on the transcript of his deposition. He contends he had no opportunity to review and correct it and has no knowledge of its contents. Plaintiff obviously knows the contents of those few portions of the transcript cited in the R&R and has not objected to any of the factual statements the R&R cites the transcript for. Furthermore, the R&R's citations to the transcript are few and brief, and its reliance on the transcript is minimal. Even if the Court were to sustain Plaintiff's objection, it would not affect the outcome of this case. Therefore, Plaintiff's request is **DENIED AS MOOT**.

### III. Conclusion and Order

For these reasons, the Court **OVERRULES** Plaintiff's objections. Applying the correct legal standards as discussed above to the evidence, the Court finds the R&R was correct in recommending Defendant Reclosado's motion for summary judgment be granted. The Court therefore **ADOPTS** the R&R and **GRANTS** Defendant Reclosado's motion for summary judgment. Because all other parties and claims were already dismissed, all pending pretrial dates are hereby **VACATED**, all pending motions are hereby **DENIED AS MOOT** and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: February 28, 2007.

**HONORABLE LARRY ALAN BURNS**
United States District Judge